Joseph P. Gavin, complainant-appellant,

*v.*

Abbie E. Gavin and John Damb, defendants-respondents.

[Submitted October term, 1928. Decided May 20th, 1929.]

*Mr. Arthur T. Vanderbilt,* for the appellant.

*Mr. Charles E. Dalrymple,* for the respondents.

The opinion of the court was delivered by

Campbell, J.

The complainant-appellant, Joseph P. Gavin, and the defendant-respondent Abbie E. Gavin, were married in 1905. At that time the husband was thirty-seven years of age, a widower, with twin daughters four years of age, and the wife was twenty-five. The husband at that time was in the milk business but because of almost total deafness, sold that business and he and his wife engaged in the hotel business in Nyack, New York. Subsequently they went to live on the farm of Mrs. Gavin's parents. Thereafter they engaged in the hotel business at Tuxedo Park, New York; then at the Belvidere Hotel, in Newark. Then they leased the Halstead House, East Orange, which, after six weeks' operation, was sold. They then purchased the Hillside House, in Montclair, and operated it for some time. In 1924 they purchased the Blossom Treat Hotel, in Elizabeth, which they continued

to operate until 1926, when they sold it at some considerable profit. Their next and last business venture was the Park Lane restaurant at 23 Harrison street, East Orange, which they opened about June, 1927. The husband was then about fifty-seven years of age and totally deaf and the wife was about forty-six or forty-seven. After the opening of this restaurant the wife employed the respondent, John Damb, a man some twenty years younger than her husband, as steward. Troubles and difficulties between the husband and wife then commenced and increased until they resulted in excluding the husband from, and forcing him out of, the place of business and of and from all control and management thereof, the transferring of all funds from a joint bank account to an individual account of the wife, who separated from and refused to live and cohabit with her husband.

Then the present action for an accounting was instituted, with a prayer not only for discovery and accounting, but for an *ad interim* restraint against collecting, removing, receiving, or in any manner interfering with the joint property and for the appointment of a receiver for the Park Lane restaurant.

Upon a hearing upon a rule to show cause upon the filing of the bill of complaint it was found and held that the business relationship between the husband and wife prior to the Park Lane enterprise need not be considered; that the question as to an accounting should be deferred until final hearing; that the Park Lane business as a joint venture was not seriously disputed and that, ordinarily, as between strangers a receiver would be appointed, that under the circumstances of the instant case great harm would flow from such a course and an injunction was directed to issue restraining the defendants-respondents from selling the business, requiring a strict account of its affairs and a retention of the net proceeds until final hearing and further requiring an immediate filing of an inventory of the assets.

The cause then proceeded to final hearing and the learned vice-chancellor dismissed the bill upon the ground of the impossibility of a proper accounting and upon the further

ground of laches, depriving and excluding the complainant-appellant from any and all opportunity of submitting proofs in support and substantiation of the allegations of his bill of complaint. From a decree so disposing of the matter, the complainant below appeals.

That such disposition of the cause was error requiring reversal is beyond question.

Complainant-appellant was entitled to go forward with his proofs and if they warranted the relief prayed for, or any of it, he was entitled thereto, and that an accounting was difficult was no ground for denial of such relief, nor of complainant-appellant's right to proceed in that direction.

The decree below is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.